IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Gbeke M. Awala
and
Moses H. Awala
and
Dorcas C. Brown
Plaintiffs



CIV. No. 08 - 147

V.

Chief Judge, Kimba M. Wood,
Attorney General, Michael B. Mukasey,
Circuit Judge, Rosemary S. Pooler,
Circuit Judge, Chester J. Straub,
District Judge, Gregory M. Sleet,
Chief Judge, Anthony J. Scirica,
Circuit Judge, Kent A. Jordan,
U.S. Attorney, Colm F. Connolly,
Defendants.

## CIVIL RIGHTS ACTION UNDER 42 U.S.C
## Section 1983

And Comes, Now, Gbeke M. Awala, Moses H.
Awala and Dorcas C. Brown, Plaintiffs, moves this Draconia
Court, pursuant to 42 U.S.C. Sections 1981, 1982, 1983
and 1985 for Substantive violation of Constitutional

ment, U. S. Constitution and 28 U.S. Sec 1915.

In Support thereof avers as follows.

Defendants above desiring to maintain the best reputation and maintain the Court's principles attempted to run a foul of the Declaratory Act, March 18, 1766, the Constitution of the United states, Constitution of the Confederate States of America, the address and Reasons of Dissent of the Minority of the Convention of Pennsylvania to their Constituents, December 12, 1787, the proposed Bill of Rights to the United States Constitution 1791, The Congress of the United States, begun and held at the City of New York, 4th of march, 1789, and also The ENGLISH HABEAS CORPUS ACT (1679), An Act for the better securing the liberty of the Subject, and for prevention of Government's aggravated Detention, False Imprisonment, malicious prosecution and Due process clause.

Whereas President Abraham Lincoln's Suspension of the writ of Habeas Corpus, September 15, 1863, a Proclamation as adopted by the Constitution that the Privilege of the writ of Habeas Corpus, shall not be Suspended unless when, in cases of rebellion or Invasion, the Public safety may require it.

In this Case, chief Judge Kimba M. Wood, (S.D.N.Y.), unmindful of his duties under the Constitution, and his oath of

and laws of the United States, on February 20, 2008. See Awala vs Batts, civ 08 cv 1679 (KMW) (2008). See also Awala vs Judge chester straw'b, cv. 07-cv-5858 (Batts, J), see also Awala vs Alito, civ. 06-cv-5412 (Mukasey, J). and United States v. Awala, 04901-KAJ, Appeal no. 05-5479, with other persons and defendants listed above, to violate and disregard the above Standard doctrines, and in disregard to the act entitled "An Act regulating "Birth Certificate," whereby Plaintiff Gbeke, Born In Miami-Dade County Can obtain his Birth Certificate, defendants did then, by Intimidation and threats, unlawfully to hinder and prevent Plaintiff Gbeke, In pursuit of Said Conspiracy; whereby Coln F. Connolly in the U.S. Attorney's Office, did then and Commit Felony theft" of Florida Birth Certificate. Said Judge Wood to Induce the deprivation of Plaintiffs U.S. Citizenship by Birth, In Contravention of the 14th Amendment U.S. Sect... with Intent thereby, according to the Order he issued in Batts, Supra, from holding that Gbeke, is not approved to file a 28 U.S.C. sec 2255, or writ of habeas Corpus in any Federal Court, and unlawfully devising and Contriving a means to the great Scandal of all good Citizen, and in this Order, he disregard the requirement of the Constitution, to Take Care that the Laws be faithfully executed, In Contrary, this defendants attempt to prevent Plaintiff

Defendants, assuredly, I say to you "Buffoons" unless you are converted and become as little children, you will by no means Lawfully evade true Justice against me, but repugnant orders and Complex miscarriage of Justice.

In mattew 18:12, Jesus Said 'what do you think' If a Man has a hundred sheep, and one of them goes astray, does he not leave the Ninety-nine, and go to the mountains to seek the one straying.'

Here, defendants Interfering or endeavoring to Interfere with the Conduct of Investigations of the Department of Homeland security, Department of Justice, the Sumptious payment of PLRA's and Failure In assisting to retrieve those Infallible proof of my birth in Miami-Dade County, Defendants endeavoring to Cause prospective Governments Agents and defendants, and Individuals duly triable and found guilty to escape prosecution, Foreclosed a Section 1983, rewarding these Agents for their Silence testimony, Stating that Ayele Los filed Ninety-nine Civil Rights action in federal Courts, In their debased Mind and Corruption.

By Such Conduct these defendants warants Impeachment and removal from office, because they have manifested Injury upon me, Plaintiff Ayele and to the Manifest Injury of the American people

USC Sec. 1981, 1982, 1983, and 1985. See Exhibit A.

Anthony J. Scinca, So Concerned about the "legality" of a barrage of §372 Complaints, 28 USC Sec 372 (c)(1) permits any person (there is no Standing requirement) to Complaint that a Federal Judge is unable to discharge all the duties of office by reason of Corruption, Bias, Prejudice and mental defect. See In re Complaints of Judicial Misconducts, 9 F.3d 1562, 1567 (U.S. Jud. Conf. 1993).

A Court may take Judicial notice of its own records. United States v. Doss, 563 F 2d 265, 266 n 2 (6th Cir 1977). The Supreme Court has found "Shall" to be "the language of command" Escoe v. Zerbst, 295 U.S. 490, 493, 55 S-Ct. 818, 820 (1935). These defendants are Inexcusable for J. Notice.

Defendant Mukasey has a duty to appoint Special Committee to Investigate this matter, the duty to Investigate Includes a duty to make reasonable Investigations or to make a reasonable decision that makes particular Investigation unnecessary. See Workman v. Rorie, 812 F.2d 1409 (6th Cir 1987).

Judge Wood's decision must be held a mere "idle Conversation" and merely a Casual aside, to an order of weight. On Contrary, Found Superflous.

2nd Cir. 1980. The order remains void.

"If the sense in which the Constitution was adopted and ratified by the nation be not the guide in expounding it, there can be no security for a faithful exercise of its powers. See Ded Scott v. Sanford, 60 US (19 How) 393, 621 (1856). Wood is without law.

When fixed interpretation of the laws, are abandoned and the theoratical opinion of fools, such as Judge Sleet, Woody, Mulvaney, Jordan, Scirica, are allowed to control its meaning, we have no longer Constitution, we are under government of individual men.
        Shall in the nineteenth century meant "Must" for the purpose of sustaining or enforcing an existing right. See West Wisconsin R. Co. v. Foley, 94 S. Ct. 71 (1877). It had the same meaning today, in this Court, in New York and in philadelphia, and in the 20th Century. see Altoora v. Flynn, 11 F.2d 899, 900 (W.D. NY 1926). The word remains a guide here.

The history of the prohibition of "cruel and unusual" punishment already has condemned these defendants entirely, and has been reviewed by them in their prior orders. The American draftmen, who adopted the eigenth phrasy in drafting the 8th Amendment, were primarly concerned with proscribing "tortures" and other "barbarous" methods of punishment see

Yes I am a U.S. Citizen by birth, and actually innocence of any charge of Conviction, the Conviction and Sentence is in violation of the 8th Amendment. Such penalties by Imprisonment of 51 months are those who have formed their Conception of the relation of a State of Florida to its own Citizen, by birth and federal tribulation.

These defendants Construing me erroneously as Alien, does not have respect for persons. See Forman v. Georgia, 408 U.S. 238, 290 (1922). In this then, evil of Coercion or restraint against Gbeke M Awala B(through), they lack respect for borders and means against Plaintiff forced in that evil of apprehension, and pain they have Caused, evil of Suffering, denying true evils, from New York District Court, where they demonstrated Conclusively an habits, Such an In close given to the punishment they already imposed. See Weems v. United States 217 U.S. 349, 373, (1910). Trop v. Dulles, 356 U.S. 86 (1958), the Cruelty against Sec. 2241 or Section 2255 or unisof Cerons nutrue. See Francis v. Resweber 329 U.S. at 464. See also Powell v. Texas, 392 US 514 (1968) without due process. Spoon v. Illinois, 391 US 510 (1968) Thus, reasonably Considers that defendants never Consented to the Suit and waived Immunity a/an Judicial Immunity. See Mireles v. Waco, 502 U.S. 9, 12 (1991)

Plaintiff Cannot be denied by Citizenship

Therefore, I Gbehe M. Avala, appearing representing myself and my present claims and make known to this defendant per sec 1983, Jessing the Order In Betts, supra and find as offense against the "Suspension of the Writ Clause, by the authority of the president Licoln; the privilege of the habes corpus Cannot be Suspended unless in Rebellion or Invasion.

Defendants have not a established any pattern of Invasion or Rebellion Involved in part of the plaintiff. Accordingly, they Have made and Cause to be made false or misstatement of the law In their attempts to avoid annual prosecution of their Agents. In danger to plaintiff basic right they knowingly missed their orders in such unlawful entry and other illegal actions.

<u>Relief Sought.</u>

(1) Conviction and prosecution be Terminated by them.

(2) To Dwell In my Birth Land United States Safely and File a writ when Under Such necessity.

(3) Submission to the 14th Amendment U.S. Const sec 1 "All persons born are Citizen of the U.S.

(4) Their Judgment annulled, vacated and Voided Sva Sprite.

(5) Damages $28 million each.

Submitted under 22 U.S.C § 1746.

Respectfully Submitted

# EXHIBIT A

IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Appellee, | : | |
| v. | : | Appeal No.:05-5479 |
| | : | Lower Court No.:04-901-KAJ |
| GBEKE M. AWALA, | : | |
| Appellant. | : | |
| | : | |

## APPELLANT'S RESPONSE TO APPELLEE'S

## REQUESTS THAT THIS COURT DENY APPELLANT'S MOTION FOR

### RETURN OF HIS U.S. BIRTH DOCUMENTS

COMES NOW the Appellant Gbeke M. Awala, appearing in the above captioned case, and submits the following response/reply to the government's "rubber stamp" on this matter. In support thereof avers as follows:

"The right of the people to be secure in their persons, houses, Papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. "

Fourth Amendment, United States Constitution

Appellant asserts that the same argument was raised in United States v. Hansel, 70 F.3d 6 (2d Cir. 1996) and disposed of in the same cavalier fashion. Hansel addressed the constitutionality of Rule 6(d).

The appellate panel, like three mindless parots, merely repeated

the language of the rule and used that language as a basis to state,
"Hansel's argument has no merit."

The Third Circuit has a reputation for not addressing the return
of those U.S. Birth Documents, similarly, seem to always be under attack
by disgruntled American Citizen, Born in Miami-Dade County, who has filed
Judicial Misconduct against several of this Court's Circuit Court's Judges
for their behavior.

The Government predicate acts being claimed "obstruction of jus-
tice." 18 U.S.C. Section 1503.

In 1903 the Attorney General appointed a special assistance to
investigate and report in the Japanese silk fraud cases, and it was held
(121 Fed. Rep. 826 [sic], U.S. v. Rosenthal) that a special assistant
to the Attorney General is not an officer of the Department of Justice
under sections 359 and 367, Revised Statutes, or other provisions of
the United States Statutes, and the indictment was quashed because of
the presence of this attorney in the grand jury room. That case further
holds that neither the Attorney General, the Solicitor General, nor
any officer of the Department has the power to conduct or aid in the
conduct of proceedings before a grand jury. It is clearly of great
importance that they should have this power.

Congressional Record, June 6, 1906, pages 7913-7914(emphasis
added). See also Awala v. Grand Jury, Appeal No.:07-2863(3d Cir. 2007).

Appellant argues that the Fourth Amendment, through judicial con-
struction, has been "watered down" to the point that it appears to have
no relevance in today's society. In seizure, individual interest out-
ranks government convenience. See United States v. Taylor, 934 F.2d
218, 220(9th Cir. 1991). In seizure, documents and letters are pro-
tected by the Fourth Amendment. See United States v. King, 55 F.3d 1194

-2-

(6th Cir. 1995). It is unfortunately clear that some courts (United States District Court for the District of Delaware, U.S. Attorney's Office for the District of Delaware--COLM F. CONNOLLY, U.S. Attorney, BETH E. MOSKOW "SCHNOLL", ILANA H. EISENSTEIN AND ROBERT F. KRAVETZ, Assistant U.S. Attorney's)....appear to be willing to fudge considerably on their own pronouncements on the particularity requirements for seizure. United States v. Brown, 49 F.3d 1162, 1177 (6th Cir. 1995).

The Supreme Court has never abrogated the requirement of a specific seizure. Thus, it is well established that, absent a recognized exception to seizure of U.S. Birth Documents. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 394(1971). Therefore, the seizure of the appellant's U.S. Birth Documents is transformed into an invalid seizure. See also Creamer v. Porter, 754 F.2d 1311, 1319(5th Cir. 1985).

Nor are those Federal Agents in Baltimore Maryland. See United States v. Awala, Case No. 04-901-KAJ( August 12, 2004)(Motion in Limine filed by the government Ms. Beth E. Moskow "Schnoll", on or around January 2006):

> "Because border agents did not(and do not) have the legal authority to consent to the defendant's rentry, evidence of the defendant's alleged reentry at Baltimore is not "probative of any express consent of the attorney general to the defendant's reapplication for admission given prior to the defendant's reembarkation."

Ms. Beth E. Moskow "Schnoll" (U.S.D.C. Delaware)(2006).

Whereas, those 'agents conducting the seizure, now believed to be clear "permeated fraud." See Anderson v. Maryland, 427 U.S. 463, 480(1976).'

-3-

Here the items are listed in Awala, supra. This seizure is insufficient under even today's loosened standard:

"The Fourth Circuit has not addressed the question of whether all birth documents belonging to the appellant may be seized or forcibly seized under the functional equivalent to border seizure. See United States v. Brignoni-Ponce, 422 U.S. 873, 884(1975); Almeida-Sanchez v. United States, 413 U.S. 266, 273(1973). To justify the seizure of those documents at the functional equivalent of the border, those agents must demonstrate to a "reasonable certainity" that the appellant was an alien unauthorized to enter the United States, and that he failed to articulate legal authority or consent of the Attorney General nor received any express permission prior to admission, by a showing through "reasonable certainity, that the appellant did or did not reenter the United States as a citizen born in Miami-Dade County, Florida. See also United States v. Garcia, 672 F.2d 1349, 1363(11th Cir. 1982), a showing less than proof beyond a reasonable doubt."

This court must decide whether those federal agents possessed the requisite reasonable certainity where they had detected the prior removal or deportation and believed that the appellant would be found or tracked traversing the interstate and as such reasonably had foreseen him been arrested at the Delaware Memorial Bridge on August 12, 2004, and subsequently charged for unlawful reentry after 'deportation, in violation Title 8 U.S.C. Section 1326(a) and (b)(2). '

Here the federal agents, in fact, had no mere suspicion on doubt the appellant were either born in the United States, through the quality and compassion received in part of those agents, the appellant possessed all legitimate documents. Thus, the government must not seize legitimate U.S. Birth Documents even when it mistakenly thinks or doubts the appellant's credentials. See United States v. Roche, 614 F.2d 6, 7(1st. 1980). Relevance of materials subject to seizure in case as the one presented here to an alleged crime of unlawful reentry, is unauthorized

seizure, the appellant's U.S. Birth Documents were not the pivotal to an alien entrying this country after prior deportation. See Voss v. Bergsgaard, 774 F.2d 402, 406 (10th Cir. 1985).

Appellant argues that several portion of this U.S. Birth Documents relates to his legitimate birth in the aforementioned state to Moses H. Awala(Father) and Dorcas C. Brown(Mother), on May 17, 1971, at Jackson Memorial Hospital, Miami Florida.  Consequently, if he knew that it would not rightly be conferred to him, he would put the matter in front of a special state or federal grand jury in Florida, as found in 18 U.S.C. Section 3332(a).  Appellant believes that there are two schools of thought in this criminal proceeding concerning how the grand jury in his case was not permitted to operate:

> "The decision to prosecute rests entirely with the prose-
> cutor.  United States v. Ucciferri, 960 F.2d 953, 954
> (11th Cir. 1992); United States v. Gonsalves, 691 F.2d 1310,
> 1322(9th Cir. 1982); United States v. Cespedes, 151 F.3d
> 1329, 1332-1333(11th Cir. 1998)--which raises a question
> why border to have a grand jury at all?...or was not the
> same grand jury in Delaware told you were born in this
> country, yet returned a sinister indictment against you."

Appellant argues on appeal No. 05-2684(3d Cir. October 17, 2006), inter alia, the grand jurors, in district of Delaware, did not accord any line of reasoning that he was not an alien but a United States citi-zen.  Thus, it is common practice for the grand jury to investigate any alleged crime, no matter how or by whom suggested them. See In re Hale, 139 F. 496, 498 (C.Ct. S.D.N.Y. 1905), quoting Frisbie v. United States, 15 S. Ct. 586 (1895).

-5-

The public has a right to every man's evidence. See <u>Branzburg v. Hayes</u>, 92 S. Ct. 2646, 2660(1972). Unless, of course, that U.S. Birth Documents and evidence needs not be placed in front of the Grand jury.

This Court must infer from the Government's Motion regarding the return of those birth documents inopposite and factually wrong, merely thinking that the district Court did not determine the issue, the government's point is baseless and lacks direct proportion with this court's knowledge of the gravity of those unforgivable actions in part of federal agents, whom like a "rock" prohibited by law, in spite of repeated demands failed to return the documents. Thus, as in <u>United States v. Albinson</u>, 356 F.3d 278(3d Cir. 2004), failure in part of the Judge kent A. Jordan to receive the testimony of those agents was a fatal abuse of discretion subjected to a de no vo review by this court. See <u>United States v. Zehrbach</u>, 47 F.3d 1252, 1264 (3d Cir. 1995), this court will consider as a whole fairly and adequately, whether in light of the evidence, the issue in this case was submitted to the jury. See also <u>United States v. Perez</u>, 280 F.3d 318, 336 (3d Cir. 2002), this court for clear error would review the district court's factual findings and exercises plenary review of the entire proceeding and the district court's application of the law to those facts.

Appellant argues that even if the Motion for the return of those documents were filed in this court as it was, so openly is the matter, and since the district court's ruling on the matter undermines the appellant's confidence, and as the government' evidentiary suppression 'undermines the outcome of the trial. See <u>United States v. Payne</u>, 63 F.3d 1200, 1209 (2d Cir. 1995); <u>Giglio v. United States</u>, 405 U.S. 150, 154-55(1972), a reasona-

ble probability' of a different results is accordingly shown that had the U.S. Birth Documents been disclosed, the result would have been different.' See Kyles v. Whitley, 514 U.S. 419(1995)(quoting United States v. Bagley, 473 U.S. 667, 678(1985).

Here, the government's suggestion that this court dismiss the motion to return those U.S. Birth Documents from its October 3, 2007, Response, was an act and deliberate evidence by its failure to disclose the evidence of the appellant's birth in the United States, which if disclosed to the jury, the result would have been different. See United States v. Nicolapolous, 30 F.3d 381, 383-384 (2d Cir. 1994). There is no question that "the Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." See United States v. Gaudin, 515 U.S. 50691995); See also United States v. Martin Linen Supply Co., 430 U.S. 564(1997). "A trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict," This right is derived from both the Sixth Amendment, which guarantee to a defendant a Jury trial, and the Fifth Amendment, which requires that the government prove a defendant's guilt beyond a reasonable doubt. See Gaudin, 115 S. Ct. at 2313; in re Winship, 397 U.S. 358, 362 (1970).

WHEREFORE, the court must deny the government's proposed findings and reject the same because it lacks any persuasive force in this case. Thus grant the appellant's Motion to return his U.S. Birth documents. Moreover, grant a certification of Questions of State Law, already running concurrent with this court. See LAR MISC 110.1.

-7-

ADDENDUM:

"It can be of no weight to say that the courts on the pretense
of a repugnancy, may substitute their own pleasure to the cons-
titutional intentions of the legislature. This might as well
happen in this case, where two contradictory statutes are in
force(Alien and Citizen of the United States), or it might as
well happen in every adjudication upon any single statute.

The court of appeals for the third circuit, must declare the
sense of the law and if they should be disposed to exercise
**WILL** instead of **JUDGMENT**, the consequence would equally be
the substitution of their pleasure to that of the legislative
body. The observation, if it proved anything would prove that
there ought to be no Judges distinct from that body."


See Bickel v. Korean Air Lines Co. Ltd, 96 F.3d 151, 159
(6th Cir. 1996). See also Awala v. Kennedy, Appeal No.:07-
11146(6th Cir. 2007).


Submitted under penalty of perjury to be true and correct.
28 U.S.C. Section 1746.

Dated  /8/12 , 2007.

Respectfully submitted,


GBEKE MICHAEL AWALA
No. 82074-054
P.O. Box 300
Waymart, PA 18472

CERTIFICATE OF SERVICE

This certifies that this day 10/12 , October 2007, a true copy of the Appellant's Response To Appellee's Requests that this Court deny appellant's Motion for return of his U.S. Birth Documents was served upon the following parties as follows:

1.  Robert F. Kravetz
    Assistant U.S. Attorney
    The Nemours Building
    1007 Orange Street, Suite 700
    P.O. Box 2046
    Wilmington, De 19899-2046

Submitted under 28 U.S.C. Section 1746.

GBEKE M. AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

-9-

GBEKE M. AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

January 20, 2008.

OFFICE OF THE ATTORNEY GENERAL
STATE OF FLORIDA
400 West Robinson Road
Orlando, FL 32801

Dear Attorney General:

Re: INVITATION FOR PROSECUTION OF STATE OFFICIALS CUT IN CORRUPTION AND ABUSE OF POWER

I am a citizen of the state of florida, deprived of my human right and birth right by the following state officials stemming from Supreme Court of Florida Justice Quince, clerk Thomas D. Hall, Clerk Harvey Ruvin, and clerks for the third District Court of Appeals, in Miami...Including the Deputy State Registrar Kenneth T. Jones and Ana Viamonte Ros, Secretary of Health. These State officials are pathological liars, criminals, perverted injustices, and must be removed by impeachment, they have forwarded false and misleading information, in an attempt to supplant me of my birth right, born in Miami-Dade County, Florida, in May 17, 1971, at Jackson Memorial Hospital, Miami, Florida. In my case it seemed to me that the ignorance of the Florida Statutes 382 01956, court-issued delayed birth certificate, is based upon my race as African-American male, as a tool in which to help these white men and women in state office punish the Southern black male, and from more fundamental matter hypersensitively presented to Governor Crist, he ingratiated himself, and promoted and gathered the now endorsing of the Ku Klux Klan, or at least conceding the justice of its aim to crush my birthright.

I found such conducts cognitive for prosecution by the appropriate members of these office, for eggregious harm against me, at the hands of the State and Federal Officials, reckless disregard for the truth.

I await your position regarding the above matter.

Submitted under 28 U.S.C. Section 1746.

Dated ____/___/___, 2008.

Respectfully submitted,

GBEKE M. AWALA
No. 82074-054
U.S. P. Canaan
P.O. Box 300
Waymart, PA 18472

cc: File

SUPREME COURT OF FLORIDA
Thomas D. Hall..Clerk..

-2-



Gbeke M. Awla
No. 82.074-054
Shu- 122
U. S. P Canaan
P.O. Box 300
Waymart, PA 18472

THIS DOCUMENT
FROM AN INMATE, CURRENTLY
IN THE CUSTODY OF THE
BUREAU OF PRISONS

X-RAY
U.S.M.S.

Sue L. Robinson, Chief Judge
U. S. District Court
District of Delaware, Lockbox 31
844 N. King Street
Wilmington, De 19801-3570

U.S. POSTAGE PAID
WAYMART, PA
18472
MAR 03, 08
AMOUNT
$0.00
00029712-05