IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE AWALA, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 08-147-JJF |
| : | |
| CHIEF JUDGE KIMBA M. WOOD, : | |
| et al., : | |
| : | |
| Defendants. : | |

## MEMORANDUM CAUSE

Plaintiff Gbeke Awala ("Awala"), a former federal inmate has filed numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process. He was released from prison on October 31, 2008. His lawsuits relate to his underlying criminal conviction in this District for re-entry after deportation following a conviction for an aggravated felony pursuant to 8 U.S.C. § 1326 (a) and (b)(2). United States v. Awala, Criminal No. 04-90-JJF (D. Del.)  The United States Court of Appeals for the Third Circuit affirmed his judgment of conviction on direct appeal. United States v. Awala, No. 06-2718 (3d Cir. Jan. 11, 2008)

On April 29, 2008, the Court ordered Awala to show cause why he should not be enjoined from filing lawsuits related to his underlying criminal conviction. At the time Awala had filed twenty-one lawsuits in this District all related to his

underlying criminal conviction. He has since filed several more lawsuits. Awala's Complaints make reference to circumstances surrounding his criminal conviction. Unhappy with rulings made in the criminal case and subsequent civil filings, Awala began filing lawsuits against anyone involved in the cases, as well as others having contact with the cases, including repeated lawsuits against federal district and appellate judges, as well as supreme court justices, federal prosecutors, private defense counsel, federal agencies, and other federal officials.[1]

---

[1] The cases filed in this Court include: Awala v. Koyste, 05-cv-097-KAJ, filed February 17, 2005, dismissed as frivolous March 3, 2006; Awala v. Federal Pub. Defender, 05-cv-281-KAJ, filed May 9, 2005, dismissed as frivolous August 4, 2005; Awala v. U.S. Dep't of State Int'l Child Abduction, 05-cv-368-KAJ, filed June 7, 2005, dismissed for failure to pay filing fee August 16, 2006; Awala v. Stretton, 05-cv-472-KAJ, filed July 6, 2005, dismissed for failure to pay filing fee January 13, 2006; Awala v. Jordan, 05-cv-783-GMS, filed November 10, 2005, voluntary dismissal March 31, 2006; Awala v. Anderson, 05-cv-917-KAJ, filed December 28, 2005, dismissed for failure to pay filing fee May 15, 2006; Awala v. 8 U.S.C. Section 1326, 06-cv-012-KAJ, filed January 4, 2006, dismissed as frivolous March 17, 2006; Awala v. Gonzalez, 06-cv-248-KAJ, filed April 14, 2006, dismissed for failure to pay filing fee July 25, 2006; Awala v. Grand Jury for Dist. of Delaware, 06-cv-361-JJF filed May 30, 2006, dismissed for failure to pay filing fee May 22, 2007; Awala v. Durkin, 06-cv-590-SLR, filed September 22, 2006, dismissed for failure to pay filing fee March 29, 2007; Awala v. Robinson, 07-cv-061-GMS, filed January 29, 2007, dismissed for failure to pay filing fee March 22, 2007; Awala v. United States Mission to the United Nations, 07-cv-109-GMS, filed February 22, 2007, dismissed for failure to pay filing fee May 11, 2007; Awala v. U.S. Attorney's Office Delaware, 07-cv-110-SLR filed February 22, 2007, closed 10/22/07; Awala v. Director of Administrative Office of United States Courts, 07-cv-124-JJF, filed February 28, 2007,

Awala's filings in the Complaints contain frivolous legal arguments and the filings are vexatious and abusive of the judicial process.  A district court has the power to enjoin vexatious litigants from filing meritless pleadings that duplicate ones already adjudicated.  28 U.S.C. § 1651; See Matter of Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989); Yadav v. Surtees, 7 Fed. Appx. 271 (3d Cir. 2004).

The Court, in seeking to enjoin Awala as a vexatious litigant from future litigation, provided Awala sufficient notice and an opportunity to be heard in the form of a Show Cause Order entered April 29, 2008.  (D.I. 4); See Brow v. Farrelly, 994 F.2d

---

dismissed for failure to pay filing fee December 5, 2007; Awala v. Dalleo, 07-cv-173-GMS, filed March 23, 2007, dismissed for failure to pay filing fee December 17, 2007; Awala v. Roberts, 07-cv-531-SLR filed September 4, 2007, dismissed for failure to pay filing fee February 1, 2008; Awala v. McKee, 07-cv-689-JJF, filed November 1, 2007, dismissed for failure to pay filing fee April 16,2008; Awala v. Alito, 07-cv-750-GMS,  filed November 21, 2007, dismissed for failure to pay filing fee May 19, 2008; Awala v. Barkett, 07-cv-848-GMS filed December 28, 2007, dismissed for failure to pay filing fee September 17, 2008; Awala v. Hardiman, 08-cv-077-GMS, filed February 6, 2008, dismissed for failure to pay filing fee April 16,2008; Awala v. Wood, 08-cv-147-JJF, filed March 12, 2008; Awala v. U.S. Embassy Nigeria, 08-cv-315-JJF, filed May 28,2008, dismissed for failure to pay filing fee September 30, 2008; Awala v. United States Court of Appeals, 08-cv-316-JJF, filed May 28, 2008, dismissed for failure to pay filing fee July 30, 2008; and Awala v. International Court of Justice, 08-cv-400-JJF, filed July 1, 2008.

1027, 1038 (3d Cir. 1993). Awala was ordered to show cause why he should not be enjoined from filing, without prior authorization of the Court, any complaint, lawsuit, or petition for writ of mandamus, related to his underlying criminal case (with the exception of a § 2255 motion) or any other related cases, including, but not limited to actions against the district or appellate judges, supreme court justices, federal officials or employees, defense counsel, or any entity with any possible connection to Awala's criminal conviction.

Awala did not respond to the Show Cause Order. He has failed to show cause why he should not be enjoined from filing, without prior authorization of this Court, any complaint, lawsuit, or petition for writ of mandamus, related to his underlying criminal case (with the exception of a § 2255 motion) or any other related cases, including, but not limited to actions against the district or appellate judges, supreme court justices, federal officials or employees, defense counsel, or any entity with any possible connection to Awala's criminal conviction.

THEREFORE, IT IS HEREBY ORDERED that:

1. Gbeke Awala is hereby enjoined from filing, without prior authorization of this Court, any complaint, lawsuit, or petition for writ of mandamus, related to his underlying criminal case (with the exception of a § 2255 motion) or any other related

cases, including, but not limited to actions against the district or appellate judges, supreme court justices, federal officials or employees, defense counsel, or any entity with any possible connection to Awala's criminal conviction.

    2. Gbeke Awala must file a Motion For Leave To File with any document he proposes to file and must attach a copy of this Memorandum Order to it. The Motion shall be filed as a miscellaneous case.

    3. As an exhibit to any motion seeking such leave, there must be attached, a Declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn Affidavit certifying that (a) the document raises a new issue which has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, and (c) the document is not filed in bad faith.

    4. The Court shall deny any Motion For Leave To File if the proposed document is frivolous, vexatious, or harassing. If the Motion is denied, the document shall not be filed. The failure to comply with this Memorandum Order shall be sufficient grounds for this Court to deny any Motion For Leave To File.

    5. Any document submitted by Gbeke Awala shall not be filed prior to obtaining leave to file unless the document is specifically identified as a Motion For Leave To File, and unless the document contains an Affidavit or Sworn Declaration as

required by this Memorandum Order, and a copy of this Memorandum Order.

 6. The Clerk's Office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses, or U.S. Marshal Forms, in connection with a Motion For Leave To File, unless and until leave is granted.

| | |
|---|---|
| _11-24-08_<br>DATE | _[signature]_<br>UNITED STATES DISTRICT JUDGE |